**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1774
_____

MARLON DENNIS ALLEN,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A096 301 670)
Immigration Judge:  Honorable Charles M. Honeyman
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 12, 2012
Before:  SMITH, GREENAWAY, JR., and WEIS, <u>Circuit Judges</u>
(Opinion filed: December 17, 2012)
_____

OPINION
_____

PER CURIAM.

Marlon Dennis Allen petitions from an order of the Board of Immigration Appeals

("BIA" or "Board"), which rejected his administrative appeal of an Immigration Judge's

("IJ") removal order.  We will deny the petition for review.

1

# I.

The parties are already familiar with the facts and issues in this case. Therefore, we limit our discussion to those facts and issues essential to our decision. Allen was charged with being removable for remaining in the United States beyond the time authorized, and for having committed a controlled substance violation "other than a single offense involving possession for one's own use of 30 grams or less of marijuana." Allen conceded that he was removable on the first charge, but denied the marijuana charge. An Immigration Judge ("IJ") found that the Government had failed to meet its burden of showing that Allen's conviction under § 65-4162(a)(3) of the Kansas criminal statutes[1] was for a crime involving more than 30 grams of marijuana. The IJ thus dismissed the controlled substance charge of removability.

Allen then sought to adjust his status to that of a permanent resident based on his marriage to his U.S.-citizen wife. In order to adjust his status, Allen needed to show that he is admissible to the United States. Section 212(a)(2)(A)(i)(II) of the Immigration and Naturalization Act ("INA") [8 U.S.C. § 1182(a)(2)(A)(i)(II)] renders inadmissible an alien who has been convicted of a controlled substance violation. However, pursuant to INA § 212(h) [8 U.S.C. § 1182(h)], the Attorney General may waive the controlled

---

[1] At the time of Allen's conviction, K.S.A. § 65-4162(a)(3) stated in pertinent part, "[e]xcept as authorized by the uniform controlled substances act, it shall be unlawful for any person to possess or have under such person's control . . . any hallucinogenic drug." The statute included marijuana as an hallucinogenic drug. State v. Lundquist, 55 P.3d 928, 931 (Kan. Ct. App. 2002). Any amount of marijuana, whether measurable or not, was sufficient for a conviction under this statute. Id. at 932.

substance violation ground of inadmissibility if the conviction in question "relates to a single offense of simple possession of 30 grams or less of marijuana." Where the "evidence indicates that one or more of the grounds for mandatory denial of the application for relief may apply, the alien shall have the burden of proving by a preponderance of the evidence that such grounds do not apply." 8 C.F.R. § 1240.8(d).

According to the police report in the record, Allen's conviction involved an incident where a car he was riding in, and a second car, were pulled over by the police in Kansas. The police report indicated that the two cars were travelling together, and that there were approximately 148 pounds of marijuana in the second car. A.R. 298-300.[2] Allen submitted to the IJ a sworn statement indicating that he had never before seen the occupants of the second car until they were stopped, that he had no involvement with the marijuana in the second car, and that, on the advice of counsel, he pleaded guilty to a misdemeanor possession charge with a penalty of one year of unsupervised probation so that he could go home. A.R. 329-31. The IJ found that Allen did not meet his burden for a § 212(h) waiver. On appeal, the Board agreed that Allen had not met his burden of proving that he was eligible for relief from removal.

---

[2] Allen argues that the IJ erred by "giv[ing] credence to th[e] police report." Pet. Br. at 22. However, the BIA did not refer to the report, and considered only the fact of Allen's conviction.

## II.

Section 212(h) of the INA provides that "[n]o court shall have jurisdiction to review a decision of the Attorney General to grant or deny a waiver under this subsection." 8 U.S.C. § 1182(h); see also 8 U.S.C. § 1252(a)(2)(B)(i). However, the REAL ID Act restored our jurisdiction to consider constitutional questions and questions of law, despite this limiting provision. INA § 242(a)(2)(D) [8 U.S.C. § 1252(a)(2)(D)].[3] Allen seeks to raise two issues: (1) "Whether Petitioner's oral testimony and written affidavit was sufficient to establish that he possessed less than thirty grams of marijuana, making him eligible for a waiver of admissibility pursuant to INA § 212(h)?"; and (2) "Whether the BIA erred by affirming the IJ's failure to grant the Petitioner an opportunity to secure evidence that the IJ deemed crucial corroborative evidence for the first time in rendering his decision?" Pet. Br. at 6.

We agree with the Government that Allen's first issue does not present a constitutional question or question of law. See Aden v. Holder, 589 F.3d 1040, 1046 (9th Cir. 2009) (applying factual review standard to question of sufficiency of corroboration); Abraham v. Holder, 647 F.3d 626, 632 (7th Cir. 2011) (IJ's conclusion that applicant lacked sufficient credible evidence to meet standard for untimely asylum claim not a question of law). Whether the credible testimony of an applicant can ever be sufficient to meet the burden of showing eligibility of relief might be viewed as a

---

[3] "When the BIA issues its own decision on the merits, rather than a summary affirmance, we review its decision, not that of the IJ." Hanif v. Att'y Gen., 694 F.3d 479, 483 (3d Cir. 2012) (citing Sheriff v. Att'y Gen., 587 F.3d 584, 588 (3d Cir. 2009)).

4

question of law. But the BIA acknowledged that an applicant's credible and uncontradicted "testimony regarding the amount of marijuana he possessed . . . could in principle be sufficient to meet the alien's burden of proof." A.R. 3. However, it noted that Allen had "testified that he possessed *no* marijuana *at all*." Id. The Board found such testimony "insufficient to carry [Allen's] burden of proof because it flatly contradicts other evidence in the record establishing that he was found guilty by a Kansas court of possessing *some* quantity of marijuana." Id. at 3-4. We cannot review the Board's factual determination that Allen's showing was insufficient. Further, we agree with the BIA's statement of law that an IJ is not allowed to look behind the record of a conviction to determine an alien's guilt or innocence. See, e.g., Cheuk Fung S-Yong v. Holder, 600 F.3d 1028, 1036 (9th Cir. 2010). Thus, the IJ was required to find that Allen had been convicted of possession of some amount of marijuana. Allen did not show that he was convicted for possessing an amount less than 30 grams.

We need not reach Allen's second argument, as the BIA did not mention the IJ's conclusion that Allen should have presented more corroborative evidence. In any event, we agree with the Government that Allen was reminded on numerous occasions that it was his burden to prove that the conviction was for possession of less than 30 grams of marijuana.

For the foregoing reasons, we will deny the petition for review.

5